UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REGINALD MONROE,

                    Plaintiff,

            v.

NEW YORK CITY POLICE
DEPARTMENT COMMISSIONER
EDWARD A. CABAN; POM GLENN
OSTERMANN, Shield 26476;
DETECTIVE CHRISTOPHER
BOLLERMEN, Shield 7232; ADA
LAURMEN SILVERMEN; ADA
PATRICT O'CONNOR,

                    Defendants.

**MEMORANDUM & ORDER**

No. 26-cv-209 (NRM)(MMH)

**NINA R. MORRISON**, United States District Judge:

Plaintiff Reginald Monroe, who is currently incarcerated at Elmira Correctional Facility, filed this *pro se* civil rights action challenging the circumstances of his 1987 arrest and subsequent detention and prosecution and his 2012 criminal conviction in Queens County.  Compl., ECF No. 1.  The Court has previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  IFP Mot., ECF No. 2; Dkt. Order dated July 22, 2026.  For the reasons stated below, this action is hereby dismissed without prejudice, with leave to file an amended complaint within 30 days.

## I.      Background

The complaint asserts multiple claims related to different incidents.  The Court assumes the statements in the complaint to be true for purposes of this order; it also

1

considers, where applicable, factual findings made by the courts in Plaintiff's prior litigations.

First, Plaintiff's complaint states that he was arrested in Queens on September 14, 1987. ECF No. 1 at 3–4.[1] Plaintiff objected to the manner "on how they was ordering me to lay down in the middle of Liberty Ave. Street, after the victim clearly did not I.D. me as the person that robbed him earlier." *Id.* at 4. Plaintiff suffered injuries to his face and legs from being dragged by officers and was charged with resisting arrest. ECF No. 1 at 4–6. Plaintiff claims that the "case was dismissed and sealed," yet he also claims that he was "wrongfully sentenced to one year, time served" on December 5, 1988. *Id.* at 5. In a separate motion, Plaintiff identifies two indictment numbers, 6148/87 and 2957/88, as being related to the September 14, 1987 arrest. Notice of Rule 8 Motion, ECF No. 1-2 at 1. He alleges false arrest and malicious prosecution. ECF No. 1 at 5–6.

Next, Plaintiff alleges that he was injured during his detention at Rikers Island from September 14, 1987 to December 5, 1988. *Id.* at 6. He states that he was assaulted by correction officers and stabbed by another detainee during an "upr[]ising" at Rikers Island in 1988. *Id.* at 5–6. He seeks compensation of $3 million for injuries suffered during that incident. *Id.*

In addition, Plaintiff raises claims arising from his June 22, 2009 arrest, in which he was charged with second degree murder and criminal possession of a

---

[1] The complaint includes addenda. For ease of reference, the Court refers to the pages assigned by the Electronic Case Filing system ("ECF").

weapon. *Id.* at 7.  He asserts that he was "[n]ot guilty of a gun . . . without a vouched gun in evidence or eye witnesses confirming police [officers'] false felony complaint." *Id.*  He states that the prior conduct from 1987 and 1988 was "reused." *Id.*  He claims that police officers "falsified [a] felony complaint . . . and committed perjury upon grand jury witness[] stand in Sept. 23, 2011." *Id.*  He asserts claims for malicious prosecution related to this conduct and seeks compensation of $5 million.  *Id.*

Finally, in a separate motion, Plaintiff asks this Court to "look into why Queens district attorney representatives that prosecuted September 6-23, 2011 indictment no: 2706/09" have failed to respond to his New York Criminal Procedure Law Section 440.10 motion calendared on August 31, 2022.  ECF No. 1-2 at 1.  Plaintiff states that he was seeking information about Queens County indictment numbers 6148/87, 2957/88, and 2706/09.  *Id.* at 1–3.

Plaintiff has previously challenged his 2012 conviction under indictment number 2706/09 in the Supreme Court of the State of New York, Queens County.  The record from that proceeding indicates that he was convicted by a jury of second-degree murder and third-degree weapon possession and was sentenced to an indeterminate term of 25 years to life for murder and one year for weapon possession, to run concurrently.  *See Monroe v. Griffin*, No. 16-CV-4788 (DC), 2023 WL 4665792, at *1 (E.D.N.Y. July 20, 2023) (amending and superseding March 29, 2023 order denying petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254), *reconsideration*

3

*denied*, 2023 WL 4667252 (July 20, 2023).[2]   His conviction was affirmed by the Appellate Division, Second Department, *People v. Monroe*, 987 N.Y.S.2d 243 (N.Y. App. Div., 2d Dep't 2014), and the New York Court of Appeals denied his application for leave to appeal, *People v. Monroe*, 25 N.E.3d 350 (N.Y. 2014).   Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district on June 30, 2016, and the petition was denied on March 29, 2023.  *Monroe*, 2023 WL 4665792.  The court denied Plaintiff's motion to vacate on July 20, 2023.  *Monroe v. Griffin*, 2023 WL 4667252.  The Court of Appeals dismissed Plaintiff's appeal on December 27, 2023.  *Monroe v. Griffin*, No. 23-640 and 23-6928 (2d Cir. Dec. 27, 2023) (unpublished mandate).

## II.    Discussion

Courts must give "special solicitude" to unrepresented litigants and interpret *pro se* pleadings to raise the "strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citation modified).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

---

[2] Although Westlaw gives both decisions the same citation, two separate orders were entered on July 20, 2023 and appear in Westlaw search results.

employee of a governmental entity." 28 U.S.C. § 1915A(a).  Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  Pursuant to the *in forma pauperis* statute, a district court must also dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff asserts claims for false arrest and malicious prosecution related to incidents in 1987 and 1988, and his 2012 conviction.  While 42 U.S.C. § 1983 provides an independent cause of action for civil actions alleging constitutional violations, it cannot be used to attack or overturn an otherwise valid criminal conviction.  In *Heck v. Humphrey*, the Supreme Court held that

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

5

512 U.S. 477, 486–87 (1994) (citation modified).  The Supreme Court subsequently elaborated that

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).  Instead, where a prisoner appears in federal court to challenge his conviction or custody as violating his civil rights, he must rely on habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

In this case, Plaintiff appears to be challenging three separate prosecutions. He has not alleged that his 2012 conviction has been invalidated, and, indeed, he unsuccessfully sought federal habeas relief, and he is still serving his sentence on that conviction.  Accordingly, *Heck's* favorable termination rule bars any Section 1983 claims related to the 2012 conviction, unless and until the conviction is overturned.

It is not clear whether Plaintiff's other claims for false arrest and malicious prosecution are barred by *Heck*.  Plaintiff apparently had two cases pending in 1987 and 1988 following his September 14, 1987 arrest, under indictment numbers 6148/87 and 2957/88.  Plaintiff states that a "case was dismissed and sealed," yet he also states that he was sentenced to time served on December 5, 1988.  ECF No. 1 at 5. These statements are contradictory (since a sentence of time served would typically

6

be imposed after a conviction, not a dismissal), unless Plaintiff is referring to two separate arrests and prosecutions.

Even if the actions were favorably terminated without a conviction, however, his claims related to those arrest(s) and prosecution(s) appear to be time-barred. Generally, the statute of limitations for Section 1983 claims arising in New York is three years. *Owens v. Okure*, 488 U.S. 235, 249–51 (1989) (courts deciding claims under § 1983 should "borrow" the State statute of limitations for personal injury actions); N.Y. C.P.L.R. § 214 (the statute of limitations for personal injury actions in New York is three years.). For claims alleging false arrest, the claim "accrues at the time that the alleged false arrest ends." *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 601 (E.D.N.Y. 2017); *see Wallace v. Kato*, 549 U.S. 384, 389 (2007) (holding that a false arrest claim accrued when the "false imprisonment came to an end"). When "the arrest is followed by criminal proceedings" a false arrest claim accrues when "the claimant becomes detained pursuant to legal process" at arraignment. *Wallace*, 549 U.S. at 389–90, 397. Claims of malicious prosecution accrue when "the underlying criminal action is conclusively terminated." *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995) (citation omitted). Here, Plaintiff's claims involve an arrest that occurred in 1987 and one or more prosecutions that continued into 1988. Plaintiff states that he was sentenced on December 5, 1988. Thus, Plaintiff's arraignment and detention "pursuant to legal process" occurred sometime prior to December 1988, and more than 37 years prior to the time he filed this lawsuit.

To the extent that Plaintiff intends to assert claims for excessive force related to the 1987 arrest or 1988 incidents at Rikers Island, such claims would also be time-barred by the three-year statute of limitations. "In the context of an excessive force claim, the clock starts running when the use of force occurred." *Braga v. N.Y.C. Police Dep't*, No. 21-CV-2602 (RPK)(LB), 2022 WL 2441230, at *2 (E.D.N.Y. July 5, 2022) (citation modified). The use-of-force claims arose during Plaintiff's September 14, 1987 arrest and 1987–88 detention at Rikers Island, decades before he filed this lawsuit.

As Plaintiff's claims related to his 1987 arrest and subsequent detention at Rikers Island accrued more than three years prior to the filing of this complaint, these claims for false arrest, malicious prosecution, and excessive force are all time-barred by the statute of limitations. *See Milan v. Wertheimer*, 808 F.3d 961, 962–63 (2d Cir. 2015) (affirming *sua sponte* dismissal of claims that fall outside of the statute of limitations for § 1983 actions).

Finally, to the extent that Plaintiff wants this Court to inquire into a New York C.P.L. Section 440.10 motion filed in state court or direct the state court to take action on that motion, this Court has no authority to interfere in these state court proceedings. Under the Anti-Injunction Act, 28 U.S.C. § 2283, federal courts are barred from enjoining ongoing state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. As the Supreme Court has held, "principles of equity, comity, and federalism . . . must restrain a federal court

8

when asked to enjoin a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 243 (1972).

/ / /

## III.    Conclusion

For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).  In light of the Court's duty to liberally construe the pleadings of *pro se* litigants, Plaintiff is granted leave to amend his complaint to assert claims that are not barred by *Heck v. Humphrey* or the three-year statute of limitations that applies to actions brought pursuant to 42 U.S.C. § 1983.  Any amended complaint must be captioned "Amended Complaint," and bear the same docket number as this order.  Plaintiff is reminded that an amended complaint completely replaces all prior pleadings.  No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.  If Plaintiff fails to file an amended complaint within 30 days, the complaint will be dismissed, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this order to Plaintiff.

**SO ORDERED.**

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated:    July 23, 2026
          Brooklyn, New York

10